Matter of Marum v Graffeo (2023 NY Slip Op 00089)

Matter of Marum v Graffeo

2023 NY Slip Op 00089

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2020-00124
 (Index No. 714653/16)

[*1]In the Matter of Edward Marum, etc., petitioner/plaintiff-respondent, 
v
Joseph Graffeo, respondent/defendant-appellant, et al., respondent/defendant.

Costantino & Costantino, LLP, Copiague, NY (Joseph A. Costantino), for respondent/defendant-appellant.
Farley & Kessler, P.C., Jericho, NY (Richard L. Farley and Susan R. Nudelman of counsel), for petitioner/plaintiff-respondent.

DECISION & ORDER
In a hybrid proceeding pursuant to Business Corporation Law § 1104-a for judicial dissolution of a closely held corporation, and action, inter alia, for injunctive relief, the respondent/defendant Joseph Graffeo appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), dated October 31, 2019. The order, insofar as appealed from, denied those branches of the motion of the respondent/defendant Joseph Graffeo which were for leave to renew and reargue with respect to so much of an order of the same court dated October 25, 2018, as, without a hearing, granted the portion of the petition/complaint which was for judicial dissolution.
ORDERED that the appeal from so much of the order dated October 31, 2019, as denied that branch of the motion of the respondent/defendant Joseph Graffeo which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated October 31, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the petitioner/plaintiff.
The petitioner/plaintiff, Edward Marum, and the respondent/defendant Joseph Graffeo were each 50% shareholders of the respondent/defendant Whitestone Vision Center, Inc. (hereinafter Whitestone), a closely held corporation. In December 2016, Marum commenced this hybrid proceeding pursuant to Business Corporation Law § 1104-a for judicial dissolution of Whitestone, and action, inter alia, for injunctive relief. In an order dated October 25, 2018, the Supreme Court, among other things, without a hearing, granted the portion of the petition/complaint which was for judicial dissolution of Whitestone. Thereafter, Graffeo moved, inter alia, for leave to renew and reargue with respect to that portion of the order dated October 25, 2018. In an order dated October 31, 2019, the court, among other things, denied those branches of Graffeo's motion. Graffeo appeals.
A motion for leave to renew must be based upon new facts not offered on the prior motion which would change the prior determination, and must contain a reasonable justification for the movant's failure to present those facts on the prior motion (see CPLR 2221[e][2]; Bukhtiyarova v Cohen, 172 AD3d 1153, 1155-1156; Phoenix Grantor Trust v Exclusive Hospitality, LLC, 172 AD3d 927, 927). Here, contrary to Graffeo's contention, the purported new facts offered in support of that branch of his motion which was for leave to renew were available to him prior to the issuance of the order dated October 25, 2018. Moreover, Graffeo failed to establish that the purported new facts would have changed the prior determination (see Leader v Steinway, Inc., 186 AD3d 1211, 1213). Accordingly, the Supreme Court properly denied that branch of Graffeo's motion which was for leave to renew.
In light of our determination, Graffeo's remaining contentions need not be addressed.
DUFFY, J.P., CONNOLLY, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court